**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**HECTOR ALVAREZ ROSARIO, et al,**
Plaintiff

v.                                                                         **CIVIL NO. 04-1087 (DRD)**

**MIGUEL CARTAGENA, et al.,**
Defendants

## OPINION AND ORDER

The above captioned case is a Civil Rights action filed by Hector Alvarez Rosario ("Plaintiff") for alleged due process violations under the Fourth, Fifth, and Fourteenth Amendments, violation of rights pursuant to 42 U.S.C. §1983, and supplemental jurisdiction pursuant to 31 P.R. Laws Ann. §5141. The Complaint claims monetary damages against officers of the Puerto Rico State Police, in their personal and official capacities, and the Commonwealth of Puerto Rico for alleged false arrest and imprisonment.

### I. FACTUAL BACKGROUND

Plaintiff avers that police officers Jose Collazo Principe and Pedro Rodriguez Moralez ("Co-Defendants"), among others, arrested him without cause on the night of February 7, 2003 while he was peacefully, and legally, having a drink at Sambo's Liquor Store in Ponce. Several other individuals were arrested along with Plaintiff. He was, then, held overnight in the local precinct and released the next day. Charges were never filed against Plaintiff.

At the time of the arrest and imprisonment, Co-Defendants were employees of the Commonwealth of Puerto Rico acting as police officers. On the night in question, they were acting in their official capacity when they arrested the Plaintiff.

1

Now pending before the Court is the Commonwealth of Puerto Rico's ("the Commonwealth") *Motion to Dismiss.* (Docket No. 3). Through said request, Defendant moves the Court to dismiss all claims against it. The Commonwealth argues that this Court lacks jurisdiction *in personam* pursuant to the sovereign immunity provided by the Eleventh Amendment of the Constitution of the United States of America. To date, said request remains unopposed.

## II.  MOTION TO DISMISS UNDER RULE 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Ronald C. Brown v. Hot, Sexy, and Safer Productions, Inc., 68 F.3d 525 (1st Cir. 1995); Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir.1991). The Court must accept as true all well pleaded factual averments contained in the complaint, while, at the same time, drawing all reasonable inferences from the allegations in favor of the plaintiff. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 276, 96 S.Ct. 2574, 2577 (1976); Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.P.R. 1999); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996);Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994); Correa Martinez v. Arrillaga Belendez, 903 F.2d 49, 51 (1st Cir. 1990); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). However, "because only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

When opposing a Rule 12(b)(6) motion to dismiss, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Technology, 950 F.2d 13, 22 (1st Cir. 1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. Id. at 23, citing Correa Martinez, 903 F.2d at 52. Thus, Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). That is to say, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief.** Conley v. Gibson, 355 U.S. at 78.

Notwithstanding, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d at 3. The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim[.]" Id.; see also Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).

### III. ELEVENTH AMENDMENT IMMUNITY'S APPLICABILITY TO § 1983 CAUSES OF ACTION

Plaintiff seeks punitive and compensatory damages, and attorney's fees for alleged violations of his civil rights pursuant to 42 U.S.C § 1983. Defendant argues, that as long as monetary damages are sought to be satisfied by the State, this complaint should be dismissed pursuant to Fed.R.CivP. 12(b)(6). This same principle applies to the police officers in their official capacities.

The Eleventh Amendment bars any suit brought in federal courts for monetary damages

against states. This protection renders states, including Puerto Rico, immune from claims brought in federal courts by citizens of the same or any other state. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267, (1997); Seminole Tribe v. Florida, 517 U.S. 44, 57-68 (1996); Metcalf & Eddy v. Puerto Rico Acueduct & Sewer Authority, 991 F.2d 935, 939 (1st Cir. 1993); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). However, this immunity does not solely protect the State. Rather, since a State only exists through its instrumentalities, Eleventh Amendment immunity, also, extends to arms or "alter egos" of the State, including the employees of the protected agency. Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir.1987); see also, Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). Notwithstanding, there is a limited number of situations contemplated as exceptions to this sovereign immunity. In essence, a State can only be sued in Federal Court if: 1) it waives its immunity, 2) it consents to be sued, 3) if Congress overrides said immunity under Section 5 of the Fourteenth Amendment, or 4) other constitutional imperatives may take precedence over the Eleventh Amendment's bar[1]. In the present case, none of these exceptions have been raised.

Furthermore, in an unbroken string of cases over the last two decades, the First Circuit has consistently held that Puerto Rico is considered a "State" for Eleventh Amendment purposes and, therefore, Eleventh Amendment applies with full force to the Commonwealth of Puerto Rico. See, e.g., Negron Gaztambide v. Hernandez Torres, 145 F.3d 410 (1st Cir.1998); Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 n. 3 (1st Cir.1993); Avilés-Martinez v. Monroig, 963 F.2d 2, 8 (1st Cir.1992); De León López v. Corporación Insular de Seguros, 931 F.2d

---

[1] The Eleventh Amendment, as an exception, undoubtedly allows the federal court the power to grant a prospective injunctive relief and/or declaratory judgment against a state officer in his official capacity. Ex Parte Young, 209 U.S. 129, 28 S. Ct. 441, 52 L.Ed. 2d 714(1908); Mills v. Maine, 118 F.3d. 37 (1st Cir. 1997).

116, 121 (1st Cir.1991); Culebras Enterprises Corp. v. Rivera Ríos, 813 F.2d 506, 516 (1st Cir.1987); Ainsworth Aristocrat Int'l Pty., Ltd. v. Tourism Co. of P.R., 818 F.2d 1034 (1st Cir.1987); Fernández v. Chardón, 681 F.2d 42, 59 n. 13 (1st Cir.1982) (Puerto Rico enjoys the full benefits of the Eleventh Amendment); Ezratty v. Com. of Puerto Rico, 648 F.2d 770, 776 n. 7 (1st Cir.1981) ("The principles of the Eleventh Amendment, which protect a state from suit without its consent, are fully applicable to the Commonwealth of Puerto Rico."); Litton Indus., Inc. v. Colón, 587 F.2d 70 (1st Cir.1978) (action against Puerto Rico barred by Eleventh Amendment, unless immunity is expressly abrogated by Congress acting under the Fourteenth Amendment)

The primary concern behind such protection is to "minimize the federal court's involvement in disbursal of the state fisc." Metcalf & Eddy v. Puerto Rico Acueduct & Sewer Authority, 991 F.2d at 939. However, "several points, at least, are informative to our analysis. The first is that the Supreme Court has said that it is not just the state's interest in its public treasury which is a stake in the assertion of Eleventh Amendment Immunity. The state also has a 'dignity' interest as a sovereign in not been haled into federal courts." Fresenius Medical Care Cardiovascular Resources Inc. v. Puerto Rico and the Caribbean Cardiovascular Center Corp, 322 F.3d at 63, citing Fed. Mar. Comm'r v. S.C. State Ports Authority, 535 U.S. 743 (2002).

In numerous occasions the Supreme Court has ruled that a State is not a "person" under the definition of 42 U.S.C.S. § 1983.  For a law to abrogate the States Eleventh Amendment immunity Congress has to express it unequivocally in the law and only under the power granted by the Fourteenth Amendment § 5.  In Lapide v. Board of Regents, 535 U.S. 613, 617 (2002) the Court held "that a State is not a "person" against whom a § 1983 claim for money damages might be asserted."  (citing) Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 (1989); Quern v.

5

Jordan, 440 U.S 332 (1979).

In addition to state agencies and institutions, Eleventh Amendment immunity may also attach to suits against state officials "when the state is the real, substantial party in interest." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101, 104 (1984). Although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official, but, rather, a suit against the official's office. Will v. Michigan Dept. of Tate Police, 491 US 58; Brandon v. Holt, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the State itself, therefore, immunity attaches to state officials, in their official capacity. See also, Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1978); Gotay Sanchez v. Pereira, 343 F.Supp.2d 65(2004); Ramos Bonilla v. Vivoni, 259 F.Supp.2d 135, (2003); Lopez-Rosario v. Police Dept., 126 F.Supp.2d 167 (2000); Torres v. United States, 24 F.Supp.2d 181 (1998); Suarez Cestero v. Pagan Rosa, 996 F.Supp. 133, 142-43 (1998); Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87 (1994); Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093 (1987). In emphasizing this point the District Court for Puerto Rico has stated:

> It has been established that if a state has a legal obligation to satisfy judgments against an institution out of public coffers, the institution is protected from federal adjudication by the Eleventh Amendment. See Quern v. Jordan, 440 U.S. 332 (1979); Reyes v. Supervisor of DEA, 834 F.2d 1093, 1097-98 (1st Cir.1987). However, in terms of suits against an employee in his or her official capacity, as in the case at bar, it has been well established that an official capacity suit against an officer is treated as a suit against the governmental entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1978); Brandon v. Holt, 469 U.S. 464, 471, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985) ("a judgment against a public servant 'in his official capacity imposes liability on the entity that he represents....' "). Therefore, it is clear that a suit against an employee in his official capacity cannot lead to liability against the governmental entity.

Gotay Sanchez v. Pereira, 343 F.Supp.2d at 72.

It is unquestionable that the Police Department of the Commonwealth of Puerto Rico is an "alter ego" or arm of the state. The Department is therefore, immune from suits under the Eleventh Amendment. Ramos Bonilla v. Vivoni, *supra*; Lopez-Rosario v. Police Dept, *supra*; Torres v. United States, *supra*; Suarez Cestero v. Pagan Rosa, *supra*; Febus-Rodriguez v. Betancourt-Lebron, *supra*; Reyes v. Supervisor of Drug Enforcement Admin, , *supra*.

## IV. DISCUSSION

It is indisputable that, as explained above, in the absence of a waiver, the Eleventh Amendment bars actions for money damages against an arm or "alter ego" of the Commonwealth, barring thus, Plaintiffs' purported recovery of damages in federal court against state entities. Moreover, said immunity bars the recovery of damages against state agents sued in their in official capacity where, undoubtedly, recovery will come from the public fisc. Kentucky v. Graham, 473 U.S. 159 (1985).[2]

Defendant alleges that this Court lacks jurisdiction over the Commonwealth of Puerto Rico because of the immunity conferred by the Eleventh Amendment. Furthermore, the Commonwealth has neither consented to be sued, nor has waived its immunity, nor has Congress abrogated said immunity. Finally, as Defendant correctly asserts, a State cannot be sued for monetary damages under § 1983. Thus, the Court **GRANTS** Defendant's motion to **DISMISS** Plaintiffs' suit against the Commonwealth of Puerto Rico.

This same reasoning applies to the police officers in their official capacity. As amply

---

[2]"When a suit seeks equitable relief or money damages from a state officer in his official capacity for injuries suffered in the past, the interests in compensation and deterrence are insufficiently weighty to override the State's sovereign immunity." Will, 491 US at 89-90; see also, Papasan v. Allain, 478 U.S. 265, 278 (1986); Green v. Mansour, 474 U.S. 64, 68 (1985); Edelman v. Jordan, 415 U.S. 651, 668 (1974).

discussed above, claims against State Officials in their official capacity for money damages **are essentially claims against the State itself**.  Therefore, these types of actions are also barred under Eleventh Amendment immunity.  The Co-Defendants, in this action, were sued both in their personal and official capacities as police officers. Insofar as Co-Defendants are sued for actions taken in their official capacities, this is "only another way of pleading an action against . . . ultimately, the Commonwealth of Puerto Rico." Culebras, 813 F.2d at 516; see also  Kentucky, 473 U.S. at 165; Ford Co. v. Department of Treasury, 323 U.S. 459, 463-64 (1944).  Again, absent a waiver by a State or a valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court, a bar that remains in effect when state officials are sued for damages in their official capacity. Kentucky, 473 U.S. at 159.  The Eleventh Amendment precludes such actions for money damages, therefore, the Court finds that actions for money damages against the police officers in their official capacities are **DISMISSED**.

## V. CONCLUSION

Understanding that the Commonwealth has not consented to be sued, nor waived its immunity,  that Congress has not abrogated Eleventh Amendment Immunity, and that the Supreme Court has more than established that a State cannot be sued for monetary damages under  § 1983, the Court **GRANTS** Defendant's motion to dismiss (Docket No. 3) against the Commonwealth of Puerto Rico, and all agents of the state in their official capacities sued herein.

**WHEREFORE**, Defendant's Motion to Dismiss against the Commonwealth of Puerto Rico is **GRANTED**.  Accordingly all causes of action against the Commonwealth and against the police officers in their official capacities are **DISMISSED WITH PREJUDICE**.  The Court stresses, however, that the instant case will remain open regarding claims brought forth against the Co-

Defendants in their respective personal capacities.

**Defendants are ordered to answer the Complaint within the next TWENTY (20) DAYS.**

**ABSOLUTELY NO EXTENSIONS ARE TO BE GRANTED.**[3]

**IT IS SO ORDERED.**

August 12, 2005.                                                                                        S/ Daniel R. Dominguez
                                                                                                        **DANIEL R. DOMINGUEZ**
                                                                                                        **U.S. District Judge**

---

[3] The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).